# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FIRST,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br>KIA OF EL CAJON,<br><br>　　　　　　　　　Defendant. | CASE NO. 10-CV-536-DMS (BGS)<br><br>**ORDER REGARDING RULE 26 DISCLOSURES DISCOVERY DISPUTE** |

On July 30, 2010, Plaintiff Michael First and Defendant Kia of El Cajon filed a Joint Motion for Determination of Discovery Dispute regarding Plaintiff's Rule 26(a)(1)(A)(iii) initial disclosures. (Doc. No. 20.)   In the Joint Motion, Defendant seeks the following: (1) an explanation of what is included in Plaintiff's request for "compensatory damages;" and (2) to the extent Plaintiff's emotional distress is intended to be included in Plaintiff's request for "compensatory damages," a reasonable estimate of Plaintiff's emotional distress damages. (Id. at 2-3.)

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a party to provide to the other parties, "a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

**I. Identification of Composition of "Compensatory Damages"**

Defendant requests that Plaintiff identify the composition of his "compensatory damages."

(Doc. No. 20 at 5.) In response to this request, Plaintiff states that he is willing to supplement his disclosures to provide further details regarding the composition of Plaintiff's compensatory damages. Therefore, the Court GRANTS Defendant's request and ORDERS Plaintiff to provide Defendant with an identification of the composition of Plaintiff's "compensatory damages" no later than **August 13, 2010**.

## II. Reasonable Estimate of Plaintiff's Emotional Distress Damages

Defendant also requests that Plaintiff be ordered to provide a reasonable estimate of Plaintiff's emotional distress damages, to the extent Plaintiff's emotional distress is part of Plaintiff's "compensatory damages." (Doc. No. 20 at 5.) Plaintiff argues that it is not necessary for Plaintiff to set forth a calculation of emotional distress damages in initial disclosures, as it is an issue to be resolved by the jury and is a type of damages not amenable to calculation. (Id. at 5-7.)

The Court DENIES Defendant's request for a Court order requiring Plaintiff to provide an estimate of Plaintiff's emotional distress damages. As this district has previously noted, "[w]hile Rule 26 generally requires a party to provide a computation of such damages, emotional distress damages, because of their vague and unspecific nature, are oftentimes not readily amendable to computation." Creswell v. HCAL, Corp., 2007 WL 628036 *2 (S.D. Cal., Feb. 12, 2007); see also Williams v. Trader Publishing Co., 218 F.3d 481, 486 n.3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)."); Crocker v. Sky View Christian Academy, 2009 WL 77456 *2, (D.Nev., Jan. 8, 2009) ("[B]ecause emotional suffering is personal and difficult to quantify, damages for emotional anguish likely will be established predominantly through the plaintiffs' testimony concerning the emotional suffering they experienced, not through they type of documentary evidence or expert opinion relied upon to make a Rule 26(a)(1)(A)(iii) disclosure of a computation of damages."); Gonzalez v. Hickman, 2007 WL 3237635 *4 (C.D. Cal., June 28, 2007) (finding that no additional information could have been provided in a computation of damages pursuant to Rule 26(a)(1)(C) because losses would be proved primarily through testimony regarding emotional suffering and not through documentary evidence or expert opinion); and Burrel v. Crown Cent. Petroleum, Inc., 177 F.R.D. 376, 386 (E.D.Tex.1997) (finding

1 | that no computation of compensatory damages attributable to mental anguish was required under Rule
2 | 26(a)(1)(C) because such damages would be determined by the trier of fact).

At this time, it appears that Plaintiff is planning on leaving the calculation of emotional distress damages to the jury. (Doc. No. 20 at 7 ("The dollar amount of the emotional pain caused by Defendant's actions is an issue to be resolved by the jury in this matter.").) The Court, however, warns Plaintiff that if he is going to suggest a specific amount to the jury for emotional distress damages and fails to provide Defendant with a calculation of that amount as required by Rule 26(a)(1)(A)(iii), Plaintiff may be foreclosed from suggesting that specific amount for emotional distress damages to the jury at trial.  See, e.g., Sandoval v. American Bldg. Maint. Indus., Inc., 267 F.R.D. 257, 282 (D.Minn.2007).

**IT IS SO ORDERED**.

DATED: August 4, 2010

_____
**BERNARD G. SKOMAL**
United States Magistrate Judge