# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FIRST,<br><br>　　　　　　　　Plaintiff,<br>　　vs.<br>KIA OF EL CAJON,<br><br>　　　　　　　　Defendant. | CASE NO. 10-CV-536-DMS (BGS)<br><br>**ORDER IN RE DISCOVERY DISPUTE REGARDING SUBPOENAS** |

On July 30, 2010, counsel for Plaintiff Michael First and counsel for Defendant Kia of El Cajon filed a Joint Motion for Determination of Discovery Dispute regarding the non-party subpoenas issued by Defendant to three of Plaintiff's former employers. (Doc. No. 22.)  On August 5, 2010, Defendant, in response to a Court Order, filed copies of the subpoenas in order to establish this Court's jurisdiction. (Doc. No. 27.) All three subpoenas appear to have been properly issued out of this Court.

Plaintiff brought this action against Defendant alleging that he was illegally terminated from Defendant due to his HIV-positive status. Defendant has issued subpoenas to three of Plaintiff's former employers, seeking documents concerning the employment of Plaintiff by the subpoenaed non-parties. (Doc. No. 22 at 2.) Defendant argues that this discovery is relevant to: (1) Defendant's after-acquired evidence defense; (2) Plaintiff's claim for front pay; (3) Plaintiff's claim for emotional distress; (4) Plaintiff's ability to find subsequent employment in his chosen industry; and (5) Plaintiff's habits. (Id. at 5-8.)

1  Plaintiff wishes the Court to quash the subpoenas, arguing that Plaintiff's former employment
2  records are irrelevant, that the records are likely to produce inadmissible evidence, and that Defendant
3  is engaging in a fishing expedition in an attempt to limit its damages for wrongful conduct. Plaintiff's
4  basis for quashing the subpoenas rests heavily on a general objection that this discovery will be
5  inadmissible character evidence and that Defendant has not asserted some basis for believing that
6  after-acquired evidence of wrong-doing will be revealed. (Id. at 2-4.) Plaintiff's argument does not
7  address Defendant's arguments concerning the relevancy of former employment records in relation
8  to front pay, emotional distress, the ability to find subsequent employment, or Plaintiff's habits. In
9  light of Plaintiff's general objections to the subpoenas, the Court gave Plaintiff an opportunity to file
10 a supplemental objection stating his specific objection to any particular category of documents
11 requested by the subpoenas and the legal basis for such objection on or before August 5, 2010.
12 Plaintiff did not file a supplemental objection.

13  After a review of the parties' papers on this discovery dispute, the Court denies Plaintiff's
14 request to quash the subpoenas or enter a protective order prohibiting Defendant's from subpoenaing
15 Plaintiff's three former employers at issue. Defendants have made a sufficient showing that Plaintiff's
16 former employment records are relevant to claims and defenses in the case and Plaintiff has failed to
17 show good cause for a protective order by demonstrating particularized harm or prejudice that will
18 result from the discovery. See Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d
19 1206, 1210-11 (9th Cir.2002).

20  Former employment records are relevant to the after-acquired evidence defense available in
21 Title VII employment discrimination cases. See McKennon v. Nashville Banner Pub. Co., 513 U.S.
22 352 at 363 (1995). "The 'after-acquired evidence' doctrine precludes or limits an employee from
23 receiving remedies for wrongful discharge if the employer later 'discovers' evidence of wrongdoing
24 that would have led to the employee's termination had the employer known of the misconduct."
25 Rivera v. NIBCO, Inc., 364 F.3d 1057, 1071 (9th Cir. 2004) (citing McKennon, 513 U.S. at 360-63).
26 "An employer can avoid backpay and other remedies by coming forward with after-acquired evidence
27 of an employee's misconduct, but only if it can prove by a preponderance of the evidence that it would
28 have fired the employee for that misconduct." O'Day v. McDonnell Douglas Helicopter Co., 79 F.3d

756, 761 (9th Cir.1996). However, the Supreme Court in <u>McKennon</u> cautioned against the potential for abuse of the discovery process by employers seeking to limit their liability through an after-acquired evidence defense, noting the ability of courts to curb such abuses through the Federal Rules of Civil Procedure. 513 U.S. at 363. Some lower courts have held that the after-acquired evidence defense cannot be used to pursue discovery in the absence of some basis for believing that the after-acquired evidence of wrong-doing will be revealed. <u>See, e.g.</u>, <u>Chamberlain v. Farmington Sav. Bank</u>, 2007 WL 2786421 *2 ( D. Conn. Sept. 25, 2007); <u>Maxwell v. Health Ctr. of Lake City Inc.</u>, 2006 WL 1627020 at *5 (M.D. Fla. June 6, 2006); <u>Premer v. Corestaff Servs., L.P.</u>, 232 F.R.D. 692 (M.D.Fla .2005).

In this case, Defendant has articulated some basis for believing that Plaintiff's former employment records will reveal after-acquired evidence of wrong-doing. Defendant states that it has "specific" evidence that Plaintiff misrepresented his prior employment history on his employment application to Defendant and that Plaintiff failed to indicate that he was terminated by one of his prior employers. (Doc. No. 22 at 6.) Accordingly, the Court finds that Plaintiff's former employment records are relevant to Defendant's after-acquired evidence defense based on misrepresentations on Plaintiff's application and any failure by Plaintiff to indicate a prior termination. Additionally, the Court notes that Defendant has not subpoenaed Plaintiff's employment records from all previous employers. Defendant has only subpoenaed other car dealerships at which Plaintiff performed similar work in the same industry. (<u>See</u> Doc. No. 27.) There is no evidence that defendant intends to use the discovery process or the contents of the files to harass plaintiff or his other employers. Plaintiff failed to raise an objection to any particular category of documents that Defendant seeks or their relevancy to Defendant's resume-fraud defense.

Defendant asserts that the records at issue are also relevant to Plaintiff's claim for front pay. <u>See</u> <u>EEOC v. Freudenberg-Nok Gen. P'ship</u>, 2009 WL 909571 at *2 (D.N.H. April 3, 2009). Plaintiff has not responded to or specifically objected to Defendant's argument concerning the relevancy of past employment records to Plaintiff's claim for front pay. The Court finds the records reasonably calculated to lead to discovery of admissible evidence on Plaintiff's claim of front pay, as the records may shed light on a prediction of the duration of Plaintiff's employment.

1   Defendant also argues the records at issue are relevant to Plaintiff's claims of emotional
2   distress. (Doc. No. 22 at 7.) Plaintiff has not responded to or specifically objected to Defendant's
3   argument concerning emotional distress. The Court finds the records at issue relevant to address
4   Plaintiff's emotional state, as Plaintiff was employed by Defendant for only six weeks and Plaintiff's
5   former employment records are reasonably calculated to lead to discovery of admissible evidence of
6   Plaintiff's emotional state prior to his employment with Defendant. See Abu v. Piramco Sea-Tac Inc.,
7   2009 WL 279036 *2 (W.D.Wash. Feb. 5, 2009); Jackson v. Parker, 2008 WL 4844747 * 2
8   (N.D.Ill.Nov. 07, 2008) (noting that, "Moreover, the files could contain information that bears upon
9   [Plaintiff]'s credibility").

10   The employment records at issue, according to Defendant, are also relevant to Plaintiff's
11   ability to find subsequent employment and mitigate his damages. (Doc. No. 22 at 7.) Plaintiff, again,
12   has not responded to or specifically objected to Defendant's argument concerning Plaintiff's ability
13   to find subsequent employment. The Court finds that Plaintiff's former employment records are
14   reasonably calculated to lead to discovery of admissible information concerning his ability to find
15   another job, which is relevant to Plaintiff's potential damages.

16   Finally, Defendant asserts that Plaintiff's employment records are relevant and admissible as
17   evidence of Plaintiff's habits. (Doc. No. 22 at 7.) Plaintiff has not responded to or specifically
18   objected to Defendant's argument concerning evidence of Plaintiff's habits. Plaintiff has raised that
19   evidence of prior performance is not admissible to show that Plaintiff has a propensity for certain
20   performance deficiencies. (Id. at 2-3.) However, under Fed. R. Evid. 406, "Evidence of the habit of
21   a person or of the routine practice of an organization, whether corroborated or not and regardless of
22   the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a
23   particular occasion was in conformity with the habit or routine practice." Here, Defendant seeks
24   discovery related to Plaintiff's alleged habit of misplacing customer's cash deposits and checks in his
25   personal briefcase or pockets. The Court finds this discovery is reasonably calculated to lead to the
26   discovery of admissible evidence and is therefore relevant. Questions of admissibility of this type of
27   evidence are suited for determination in motions in limine, not in a discovery motion.

28   The Court also notes that Plaintiff has previously raised, although not in the parties' joint

motion, privacy concerns regarding information produced by his former employers. The parties are bound by a protective order in this case (Doc. No. 18) and any information produced by Plaintiff's former employers is subject to the stipulated Protective Order.

**IT IS SO ORDERED**.

DATED: August 17, 2010

                                            **BERNARD G. SKOMAL**
                                            United States Magistrate Judge